GARY M. RESTAINO
United States Attorney
District of Arizona

BRETT A. DAY
Assistant United States Attorney
Arizona State Bar No. 027236
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: brett.day@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
RECEIVED ___ COPY

MAR 0 9 2022

CLERK S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

REDACTED FOR PUBLIC DISCLOSURE

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>     vs.<br><br>1. Devin Varela,<br>   (Counts 1 through 9)<br><br>2. Humberto Magana, and<br>   (Counts 1 and 9)<br><br>3. Michael Rendon-Lopez,<br>   (Counts 1 through 8)<br><br>        Defendants. | No.   CR-22-150-PHX-DLR (ESW)<br><br>**INDICTMENT**<br><br>VIO:   18 U.S.C. § 371<br>       (Conspiracy)<br>       Count 1<br><br>       21 U.S.C. § 846<br>       (Conspiracy to Possess with Intent<br>       to Distribute Fentanyl)<br>       Count 2<br><br>       21 U.S.C. §§ 841(a)(1) and<br>       841(b)(1)(B)(vi)<br>       (Possession with Intent to Distribute<br>       Fentanyl)<br>       Counts 3 and 6<br><br>       18 U.S.C. §§ 922(a)(1)(A), 923(a),<br>       and 924(a)(1)(D)<br>       (Dealing Firearms without a License)<br>       Counts 4 and 7<br><br>       18 U.S.C. §§ 922(o) and 924(a)(2)<br>       (Possession or Transfer of a<br>       Machinegun)<br>       Counts 5 and 8<br><br>       18 U.S.C. §§ 924(a)(1)(A) and 2<br>       (False Statement During Purchase of<br>       a Firearm, Aid and Abet)<br>       Count 9 |

18 U.S.C. §§ 924(d) and 981,
21 U.S.C. §§ 853 and 881; and
28 U.S.C. § 2461(c)
(Forfeiture Allegation)

**THE GRAND JURY CHARGES**:

## COUNT 1

From on or about October 1, 2021, through on or about January 13, 2022, within the District of Arizona, Defendants DEVIN VARELA, HUMBERTO MAGANA, and MICHAEL RENDON-LOPEZ did knowingly and intentionally combine, conspire, confederate, and agree together and with persons known and unknown to the grand jury, to commit offenses against the United States, that is: to knowingly possess and transfer a machinegun, that is, a part commonly known as a "Lightning Link," "Swift Link," "AR-Switch," or "Glock Switch" which is designed and intended solely and exclusively for use in converting a weapon into a machinegun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2); to willfully engage in the business of dealing in firearms in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D); and to knowingly make false statements or representations to a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, pertaining to information that the law requires the licensed dealers to keep, in violation of Title 18, United States Code, Section 924(a)(1)(A).

### Purpose of the Conspiracy

The purpose of the conspiracy was to obtain firearms from a licensed dealer of firearms by means of knowingly making false statements and representations that concealed the identity of the true purchaser of the firearms from the records the dealer was required to maintain.  The Defendants would then resle the firearms to other individuals, often with a fully automatic conversion device known as a "Lightning Link," "Swift Link,"

1   "AR-Switch," or "Glock Switch" which is designed and intended solely and exclusively

2   for use in converting a weapon into a machinegun.

3   **The Means and Methods of the Conspiracy**

4   The means and methods employed by Defendants and their co-conspirators to carry

5   out the conspiracy and effect its unlawful objects are as follows:

6   It was part of the conspiracy that DEVIN VARELA and HUMBERTO MAGANA

7   would recruit individuals on a social media website to straw purchase firearms on behalf

8   of the Defendants and co-conspirators.

9   It was a further part of the conspiracy that DEVIN VARELA and HUMBERTO

10   MAGANA would meet the recruited straw purchasers and would provide money and

11   directions for purchasing the firearms from Federal Firearms Licensees.

12   It was a further part of the conspiracy that the straw purchasers would make false

13   statements and representations on the ATF Form 4473 regarding the true purchaser of each

14   of the firearms.  It was a further part of the conspiracy that the straw purchasers would

15   provide the firearms to the Defendants.

16   It was further part of the conspiracy that DEVIN VARELA would advertise the

17   straw purchased firearms for resale on a social media website.

18   It was a further part of the conspiracy that DEVIN VARELA would advertise for

19   sale fully automatic conversion devices, in conjunction with the straw purchased firearms,

20   on a social media website.

21   It was a further part of the conspiracy that DEVIN VARELA and MICHAEL

22   RENDON-LOPEZ would meet with the purchasers and complete the sale of the firearms

23   and conversion devices.

24   It was a further part of the conspiracy that MICHAEL RENDON-LOPEZ would

25   manufacture the fully automatic conversion devices.

26   **Overt Acts**

27   In furtherance of the conspiracy, one or more of the co-conspirators committed, or

28   caused to be committed, the overt acts described below:

1         Between on or about October 1, 2021, through on or about January 13, 2022,

2   Defendants DEVIN VARELA and HUMBERTO MAGANA recruited straw purchasers of

3   firearms through their individual social media accounts.

4         Between on or about October 1, 2021, through on or about January 13, 2022,

5   Defendant DEVIN VARELA would advertise the firearms, along with fully automatic

6   conversion devices, for sale on his social media account.

7         On December 12, 2021, Defendant DEVIN VARELA advertised for sale on his

8   social media account a Glock pistol with a fully automatic conversion device attached,

9   along with fentanyl pills.

10         On December 13, 2021, Defendants DEVIN VARELA and MICHAEL RENDON-

11   LOPEZ met with an individual to complete the purchase of the Glock pistol with a fully

12   automatic conversion device, along with 1,500 fentanyl pills.   The individual paid

13   Defendant DEVIN VARELA $4,000 for the firearm, conversion device, and fentanyl pills.

14         On December 16, 2021, Defendants DEVIN VARELA and MICHAEL RENDON-

15   LOPEZ met with the same individual to complete the sale of three AR pistols, each with a

16   fully automatic conversion device, along with 3,000 fentanyl pills. Defendant MICHAEL

17   RENDON-LOPEZ provided the individual with the firearms, conversion devices, and

18   fentanyl pills, and the individual paid Defendant DEVIN VARELA $8,100.

19         On January 5, 2022, Defendant MICHAEL RENDON-LOPEZ sent Defendant

20   DEVIN VARELA several text messages and photos describing his manufacture of the fully

21   automatic conversion devices.

22         On January 6, 2022, Defendant MICHAEL RENDON-LOPEZ sent Defendant

23   DEVIN VARELA via text message a video of himself demonstrating that the fully

24   automatic conversion device was working properly when installed in a rifle.

25         On January 10, 2022, the same individual from the prior purchases contacted

26   Defendant DEVIN VARELA regarding firearms he had advertised for sale.  Defendant

27   DEVIN VARELA informed the individual that the firearms had been sold, and that he

28   would acquire additional firearms from a Federal Firearms Licensee.  Shortly thereafter,

1    Defendants DEVIN VARELA and HUMBERTO MAGANA met a straw purchaser near a

2    Federal Firearms Licensee.  Defendant HUMBERTO MAGANA provided cash to the

3    straw purchaser for the purchase of the firearms.   The straw purchaser made false

4    statements and representations on the ATF Form 4473 regarding the true purchaser of the

5    firearms.  The straw purchaser then completed the purchase of two firearms at the Federal

6    Firearms Licensee and delivered the firearms to Defendants DEVIN VARELA and

7    HUMBERTO MAGANA waiting nearby.   Defendant HUMBERTO MAGANA then

8    provided the straw purchaser additional cash.  Defendant DEVIN VARELA then sent a

9    picture of the firearms just purchased to the individual who inquired about purchasing the

10   firearms.

11          All in violation of Title 18, United States Code, Section 371.

12                                              **COUNT 2**

13          From on or about December 12, 2021, through on or about December 16, 2021, in

14   the District of Arizona, Defendants DEVIN VARELA and MICHAEL RENDON-LOPEZ

15   did knowingly and intentionally combine, conspire, confederate, and agree together, and

16   with other persons, known and unknown to the Grand Jury, to possess with intent to

17   distribute 400 grams or more of a mixture or substance containing a detectable amount of

18   N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II

19   controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

20   841(b)(1)(A)(vi).

21          In violation of Title 21, United States Code, Section 846.

22                                              **COUNT 3**

23          On or about December 13, 2021, in the District of Arizona, Defendants DEVIN

24   VARELA and MICHAEL RENDON-LOPEZ did knowingly and intentionally possess

25   with intent to distribute and did distribute 40 grams or more of a mixture or substance

26   containing   a   detectable   amount   of   N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

27   propanamide (fentanyl), a Schedule II controlled substance.

28

1    In violation of Title 21, United States Code, Sections 841(a)(1) and
2  841(b)(1)(B)(vi).

3                                  **COUNT 4**

4    On or about December 13, 2021, in the District of Arizona, Defendants DEVIN
5  VARELA and MICHAEL RENDON-LOPEZ, not being licensed dealers of firearms
6  within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the
7  business of dealing in firearms.

8    In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and
9  924(a)(1)(D).

10                                 **COUNT 5**

11    On or about December 13, 2021, in the District of Arizona, Defendants DEVIN
12  VARELA and MICHAEL RENDON-LOPEZ did knowingly possess and transfer a
13  machinegun, that is, a part commonly known as a "Lightning Link," "Swift Link," "Glock
14  Switch" or "AR-Switch," which is designed and intended solely and exclusively for use in
15  converting a weapon into a machinegun.

16    In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

17                                 **COUNT 6**

18    On or about December 16, 2021, in the District of Arizona, Defendants DEVIN
19  VARELA and MICHAEL RENDON-LOPEZ did knowingly and intentionally possess
20  with intent to distribute and did distribute 40 grams or more of a mixture or substance
21  containing a detectable amount of N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]
22  propanamide (fentanyl), a Schedule II controlled substance.

23    In violation of Title 21, United States Code, Sections 841(a)(1) and
24  841(b)(1)(B)(vi).

25                                 **COUNT 7**

26    On or about December 16, 2021, in the District of Arizona, Defendants DEVIN
27  VARELA and MICHAEL RENDON-LOPEZ, not being licensed dealers of firearms

28

1  within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the

2  business of dealing in firearms.

3      In violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and

4  924(a)(1)(D).

5                                **COUNT 8**

6      On or about December 16, 2021, in the District of Arizona, Defendants DEVIN

7  VARELA and MICHAEL RENDON-LOPEZ did knowingly possess and transfer a

8  machinegun, that is, a part commonly known as a "Lightning Link," "Swift Link," "Glock

9  Switch" or "AR-Switch," which is designed and intended solely and exclusively for use in

10  converting a weapon into a machinegun.

11      In violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

12                                **COUNT 9**

13      On or about January 10, 2022, in the District of Arizona, Defendants DEVIN

14  VARELA and HUMBERTO MAGANA, did knowingly aid and abet the making of false

15  statements and representations to Ammo AZ, located in Phoenix, Arizona, a business

16  licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect

17  to information required by the provisions of Chapter 44 of Title 18, United States Code, to

18  be kept in the records of Ammo AZ, in that another person (D.H.) executed a Department

19  of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms

20  Transaction Record, stating that she was the actual transferee or buyer of two (2) rifles, and

21  was not buying these firearms on behalf of another person, whereas in truth and fact, the

22  other person (D.H.) knew that she was buying the firearms on behalf of another person.

23      In violation of Title 18, United States Code, Section 924(a)(1)(A) and Section 2.

24                        **FORFEITURE ALLEGATION**

25      The Grand Jury realleges and incorporates the allegations of Counts 1–9 of this

26  Indictment, which is incorporated by reference as though fully set forth herein.

27      Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C.

28  § 2461(c), and upon conviction of the offenses alleged in Counts 1–9 of this Indictment,

the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offenses, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable.  If any forfeitable property, as a result of any act or omission of any defendant:

> (1) cannot be located upon the exercise of due diligence,

> (2) has been transferred or sold to, or deposited with, a third party,

> (3) has been placed beyond the jurisdiction of the court,

> (4) has been substantially diminished in value, or

> (5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/S
FOREPERSON OF THE GRAND JURY
Date:  March 9, 2022

GARY M. RESTAINO
United States Attorney
District of Arizona

/S
BRETT A. DAY
Assistant U.S. Attorney